**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROBERT PICKENS,                        *

               Plaintiff,      *

v.                                     *          Civil Case No. WDQ-13-2236

COMCAST CABLE,                         *

               Defendant       *

\*     \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## REPORT AND RECOMMENDATIONS

This Report and Recommendations addresses the Motion for Default Judgment (ECF No. 11) filed by Plaintiff Robert Pickens and the Motion to Set Aside Entry of Default (ECF No. 15) filed by Defendant Comcast Cable Communications Management, LLC ("Comcast"), along with the opposition and reply to that motion.  Judge Quarles referred this case to me to review those two motions and to make recommendations, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. (ECF Nos. 12, 19).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md. 2011).   For the reasons discussed below, I respectfully recommend that Mr. Pickens's motion (ECF No. 11) be denied and that Comcast's motion (ECF No. 15) be granted, but that a sum of attorney's fees be awarded to Mr. Pickens as alternative monetary sanctions.

## I.   BACKGROUND

Mr. Pickens filed a *pro se* employment discrimination action against Comcast on August 1, 2013.  (ECF No. 1).  Summons issued on December 5, 2013, and on December 6, 2013, Judge Quarles extended Mr. Pickens's time to effectuate service until January 10, 2014.  (ECF Nos. 3, 4).  On January 14, 2014, because no returns had been filed, Judge Quarles dismissed the case

without prejudice. (ECF No. 5). Mr. Pickens filed a motion for reconsideration, stating that he had in fact effectuated service but had not notified the Clerk. (ECF No. 6). Judge Quarles granted Mr. Pickens's motion and reopened the case, ordering the clerk to reissue a summons to be served on Comcast. (ECF No. 7). Summons were reissued on February 20, 2014. (ECF No. 8). On March 11, 2014, a Proof of Service was filed, indicating that Beverly Bleier had accepted service on behalf of Comcast on February 28, 2014. (ECF No. 9).

On May 20, 2014, counsel entered his appearance for Mr. Pickens and filed a Motion for Default Judgment. (ECF Nos. 10, 11). Two days later, Mr. Pickens, through counsel, filed a "Motion for Clerk's Entry of Default," which was granted on May 27, 2014. (ECF Nos. 12, 13). Approximately one week later, on June 3, 2014, Comcast filed its Motion to Set Aside Default. (ECF No. 15). Comcast has also subsequently filed a Motion to Dismiss several of Mr. Pickens's claims. (ECF No. 17).

## II.   STANDARD FOR SETTING ASIDE ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). As the Fourth Circuit has noted, "an extensive line of decisions has held that [Rule 55(c)] must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). The Fourth Circuit has also stated that, when compared to the standard under Rule 60(b), the "good cause" standard in Rule 55(c) "is more forgiving of defaulting parties because it does not implicate any interest in finality." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.,* 616 F.3d 413, 420 (4th Cir. 2010); *see also Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249,

251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.").  Because the Clerk has made an entry of default against Comcast, but a default judgment has not been issued, Comcast's motion to vacate is correctly considered pursuant to the more lenient standard of Rule 55(c), rather than Rule 60(b).

Six factors are relevant to the analysis of this motion.  "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."  *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

The first factor is whether Comcast has a meritorious defense. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party."). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass,* 843 F.2d at 812.  However, although conclusive proof is not required, neither is "a bare allegation of a meritorious defense" sufficient. *Consol. Masonry & Fireproofing, Inc.*, 383 F.2d at 252. ("The defendant did no more than state that plaintiff

breached the contract, a mere conclusion which fell far short of providing the court with a satisfactory explanation of the merits of the defense.").

Curiously, despite citing to case law suggesting that presentation or proffer of evidence is required, Comcast did not present or proffer significant evidence in support of its position. Comcast attached the affidavit of Lauren E. Buechner, an attorney for Comcast, who asserted that, "Comcast is prepared to vigorously defend this case on the merits by filing a Motion to Dismiss on the grounds that Plaintiff fails to state a valid claim, that Plaintiff was terminated for legitimate non-discriminatory reasons, Plaintiff was reasonably accommodated per his doctor's request, and that Plaintiff cannot identify any relevant comparators." (ECF No. 15-2 at 2). In its motion, Comcast also proffered that Plaintiff failed to exhaust his administrative remedies, and that his claim is barred by the statute of limitations. Def. Mot. 4. Again, Comcast cited no specific facts to support those contentions.

As noted above, Comcast has subsequently filed a Motion to Dismiss Mr. Pickens's Rehabilitation Act and ADA claims. (ECF No. 17-1). In its memorandum supporting that motion, Comcast specifically cited to factual and legal support for its positions. *Id.* In *Maryland National Bank v. M/V Tanicorp I*, 796 F. Supp. 188 (D. Md. 1992), the Court considered the arguments contained within a Defendant's Motion to Dismiss in considering whether an entry of default should be set aside. Ultimately, in that case, the Court found that the arguments in the Defendant's Motion to Dismiss lacked merit, and declined to vacate the entry of default. *Id.* at 190-93.

I decline to pre-judge the merits of Comcast's Motion to Dismiss, particularly because that dispositive motion is not yet ripe and has not been referred for my consideration. However, in total, I believe that the limited factual proffer in Ms. Buechner's affidavit, along with the

factual and legal contentions explicated in the Motion to Dismiss, demonstrate that Comcast has a sufficient ability to mount a meritorious defense.  Such a finding comports with the principle enunciated in *Augusta Fiberglass*, where the Fourth Circuit made clear that cases with some possibility of a defendant's prevailing at trial should proceed to adjudication on the merits.

The second factor, "reasonable promptness," also weighs in favor of Comcast.  Comcast filed its motion to vacate just seven days after the entry of default, which is within the time found to have been "reasonably prompt" in other Fourth Circuit cases.  *See Colleton Preparatory Acad., Inc.,* 616 F.3d at 418 (nine days); *Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dept. of Labor,* 895 F.2d 949, 950 (4th Cir. 1990) (eight days).

Comcast concedes the third factor, the personal responsibility of the defaulting party.  Def. Mot. 6.  However, it appropriately distinguishes between its conduct in this case and other cases in which parties deliberately disregard legal process and Court deadlines.  *Id.* (*citing Russell v. Krowne,* DKC-08-2468, 2013 WL 66620, at *3 (D. Md. Jan. 3, 2013); *First Am. Fin. Corp. v. Homefree USA, Inc.,* 12-CV-02888-ELH, 2013 WL 2902856, at *4 (D. Md. June 12, 2013).  While Comcast was responsible for the delay in this case due to what appears to be negligence on the part of its employees, there is no evidence of any intent to disregard or derail the legal process.

The fourth factor, prejudice, weighs clearly in Comcast's favor.  Mr. Pickens has not established that the brief delay in this case prejudiced, in any way, his ability to present his case at trial.  The fact that he will not prevail by way of default and will actually have to present his case on the merits does not constitute prejudice.  *See Augusta Fiberglass*, 843 F.2d at 812 ("As to prejudice, we perceive no disadvantage to Augusta beyond that suffered by any party which loses a quick victory.").  Mr. Pickens contends that he will now be unable to depose the

employee who allegedly received service on February 28, 2014, Ms. Bleier, because she no longer works for Comcast.  Pl. Mot. 5.  However, Mr. Pickens has not explained how the deposition of the employee who received service could possibly be relevant to his presentation of his claim on the merits.  Accordingly, I ascertain no prejudice from the brief delay.

The fifth factor is history of dilatory action.  Although Mr. Pickens attempts to use the circumstance with his alleged service of the original summons to constitute a history of dilatory action, the situation with the original summons was so uncertain that it resulted in a temporary dismissal of the case by Judge Quarles and a need to re-issue and re-serve the summons.  There is no evidence that Comcast has delayed this case in any significant fashion.  In fact, Comcast's prompt steps to address the situation once learning of the default corroborate its lack of dilatory intent.

The final factor is consideration of sanctions less onerous than default.  In light of the heavy presumption in favor of permitting the case to proceed to adjudication on the merits, the most reasonable alternative sanction would be to reimburse Mr. Pickens for the attorney's fees he incurred in filing his Motion for Default.  I do not recommend reimbursing Mr. Pickens for his other attorney's fees incurred in this case to date, including those fees related to opposing Comcast's Motion to Set Aside Entry of Default, since his opposition was largely unsuccessful.  All of the other fees would have been incurred whether or not Comcast answered the Complaint in a timely fashion.  Mr. Pickens's attorney spent 0.5 hours preparing the Motion for Default, at a rate of $400.00 per hour.  Accordingly, I recommend that Comcast be required to pay $200.00 to Mr. Pickens to reimburse him for those fees.

**Conclusion**

For the reasons set forth above, I recommend that:

      1.      the Court DENY Plaintiff's Motion for Entry of Default Judgment (ECF No. 11);

      2.      the Court GRANT Defendant's Motion to Set Aside Entry of Default (ECF No. 15); and

      3.      the Court impose monetary sanctions in the amount of $200.00, to be paid by Defendant to Plaintiff.

      Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Dated:  <u>July 8, 2014</u>                <u>       /s/          </u>

                                             Stephanie A. Gallagher
                                           United States Magistrate Judge