IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ROBERT PICKENS,                 *

    Plaintiff,               *

        v.                      *       CIVIL NO.: WDQ-13-2236

COMCAST CABLE,                  *

    Defendant.               *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Robert Pickens sued Comcast Cable Communications Management, LLC ("Comcast") for violations of Title II of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act, and Title VII of the Civil Rights Act of 1964. Pending are Comcast's motion to dismiss the Rehabilitation Act and ADA claims. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the following reasons, Comcast's motion will be granted. However, the Court will grant Pickens leave to amend the complaint if he so chooses.

I.   Background[1]

On August 1, 2013, Pickens filed a *pro se* complaint by completing a Complaint for Employment Discrimination Form provided by the Clerk's Office. ECF No. 1. Pickens alleged that Comcast had violated Title VII of the Civil Rights Act, the Rehabilitation Act, and the ADA. *Id.* at 1-2. In the form, as factual support, Pickens wrote:

> I was not given the same treatment as African Americans and was being set up to f[ail]. I was hurt on the job and found a job I could [do] before I was terminated. I was retaliated [against] on 10-11-10.

ECF No. 1 at 2. Pickens also listed various dates for Comcast's alleged violations, but did not describe what happened on those dates. *See id.* at 3.

On January 14, 2014, the Court dismissed the case for lack of service. ECF No. 5. On February 10, 2014, Pickens moved for reconsideration, representing that he had served Comcast, but had not known that he should have notified the Clerk when service was effectuated. ECF No. 6. On February 20, 2014, the Court reopened the case, and directed the Clerk to issue summons. ECF No. 7. On March 11, 2014, the signed Comcast

---

[1] For the motion to dismiss, the well-pled allegations in the Complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In the motion for summary judgment, the Court will draw inferences from the facts in the light most favorable to Pickens, the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

summons was returned. ECF No. 9. Comcast did not answer or otherwise respond.

On May 20, 2014, Pickens moved for a default judgment, and Brennan C. McCarthy, Esquire entered his appearance for Pickens. ECF Nos. 10-11. On May 27, 2014, the Clerk entered a default against Comcast. ECF No. 13. On June 3, 2014, Comcast moved to set aside the Clerk's entry of default. ECF No. 15. On June 26, 2014, Comcast moved to dismiss the Rehabilitation Act and ADA claims. ECF No. 17. On July 15, 2014, Pickens opposed the motion to dismiss. ECF No. 21. On July 28, the Court denied the motion for a default judgment. ECF No. 22. On July 31, 2014, Comcast replied to Pickens' opposition. ECF No. 23.

II. Analysis

    A.    Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's

notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B.  Comcast's Motion to Dismiss

Comcast argues that the Rehabilitation Act and ADA claims should be dismissed because Pickens's conclusionary allegations allege neither that Comcast received federal funding nor that he had a disability. ECF No. 17-1 at 2-4. Pickens asserts that his allegations were sufficient, and that Comcast is attempting

4

to apply a summary judgment standard to a motion to dismiss. ECF No. 21 at 3-4.

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132 (2006).[2] Section 504 of the Rehabilitation Act similarly provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of [her] disability, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (2006). To establish a violation of either statute,[3] Pickens

---

[2] A "qualified individual with a disability" is one who "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). "Public entities" include State or local governments and their instrumentalities. Id. § 12131(1).

[3] "[T]he ADA and Rehabilitation Act generally . . . impose the same requirements, and because the language of the Acts is substantially the same, [the Court] appl[ies] the same analysis to both." Spencer v. Earley, 278 Fed. Appx. 254, 261 (4th Cir. 2008) (internal quotations omitted). One important difference between these statutes is the causal link required between the discrimination and the adverse action. Id. at n.6. Under Section 504 of the Rehabilitation Act a qualified disabled person may not be discriminated against "solely by reason of" his disability. 29 U.S.C. § 794(a) (emphasis added). The ADA prohibits a broader range of discrimination against a disabled person. 42 U.S.C. § 12132; see also Baird, 192 F.3d at 469

must plead that: (1) he is a qualified individual with a disability, (2) he was discriminated against, excluded from participation in, or denied the benefits of a public entity's services, programs, or activities; and (3) the discrimination, exclusion, or denial of benefits was because of his disability.[4]

Under the Rehabilitation Act, a plaintiff also must show that the program or activity in question receives federal financial assistance. *See Grzan v. Charter Hosp. of Northwest Indiana*, 104 F.3d 116, 119 (7th Cir. 1997). Because Pickens failed to allege that any program or activity implicated by the complaint received federal funds, his Rehabilitation Act claims against Comcast must be dismissed. *See Paulone v. City of Frederick*, 718 F. Supp. 2d 626, 634 (D. Md. 2010).

Under the ADA, a disabled individual is one who has a "physical or mental impairment that substantially limits one or more [of his] major life activities," "a record of such an impairment," or is "regarded as having such an impairment." 42 U.S.C. § 12102(2) (2006). In his complaint, Pickens only states that he "was hurt on the job and found a job [he] could do before [he] was terminated." ECF No. 1. Even reading this

---

("[T]he ADA does not impose a 'solely by reason of' standard of causation.").

[4] *Spencer*, 278 Fed. Appx. at 261; *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468-69 (4th Cir. 1999); *Hanebrink v. Adams*, 2009 WL 3571539, at *2 (D.S.C. Oct. 26, 2009).

statement in the light most favorable to Pickens, it does not sufficiently allege that Pickens suffered from an ADA covered disability.

Accordingly, the Court will grant Comcast's motion to dismiss the Rehabilitation Act and ADA claims. However, because Pickens was a *pro se* plaintiff who attempted to vindicate his rights using a form provided by the Clerk's office, the Court will dismiss the claims *without prejudice*, and will grant Pickens leave to file an amended complaint should he choose.[5]

III. Conclusion

For the reasons stated above, Comcast's motion to dismiss will be granted.

1/7/15
Date

William D. Quarles, Jr.
United States District Judge

---

[5] Federal Rule of Civil Procedure 15(a)(2) instructs that leave to amend should be freely given when justice requires. Leave should be denied only when amendment would unduly prejudice the opposing party, amount to futility, or reward the movant's bad faith. *See Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008); *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010).